STEPHEN S. WILLIAMS *vs.* SOLON WHITE.

Sagadahoc.   Opinion July 18, 1879.

*Consignment.   Contract.*

The defendant agreed to take the plaintiff's hay to B, sell it and pay him the net proceeds; on arriving in B, the defendant, in his own name, consigned his whole cargo, comprising several lots of other owners with the plaintiff's, to commission merchants, who, from time to time, sold portions of it and made remittances to the defendant on account of sales of cargo, but failed before the whole was disposed of: *Held,* that, if the defendant had a right to consign the plaintiff's hay, he should have done it separately and required separate accounts of its sale.

To charge the plaintiff with a portion of the loss on the cargo, he must show that the proceeds of sale of the plaintiff's hay were not paid by the remittances from the consignees to the defendant.

ON REPORT.

ASSUMPSIT to recover balance due for 8 177-200 tons of hay, $75.75 having been already paid.

The facts sufficiently appear in the opinion.   The court to render such judgment as may be fit upon the law and fact.

*J. W. Spaulding & F. J. Buker,* for the plaintiff.

*W. T. Hall,* for the defendant.

LIBBEY, J.   The defendant was engaged in the business of buying and shipping hay to Boston for sale, and in November, 1877, he agreed to take the plaintiff's hay, send it to Boston and sell it, and pay the plaintiff the proceeds of sale, less freight and charges.   He took it and consigned it with the rest of the cargo, made up of several lots, a part of which was his and a part belonged to others, to commission merchants, in his own name, for sale.   The cargo was sold, from time to time, by the consignees, and an account thereof was rendered by them under date of January 25, 1878, by which it appears that the net amount of sales of the cargo was $1,612.78.   Prior to rendering the account the consignees had remitted to the defendant at different times about $1,000 on account of sales of the cargo.   In February following the consignees failed; and after that the defendant

received $100 for hay sold after the failure, and a dividend of twelve and a half per cent on the balance. He claims that the plaintiff is chargeable with his *pro rata* share of the whole loss on the cargo. We think not.

If the defendant had a right under his agreement with the plaintiff to consign the plaintiff's hay to commission merchants for sale, which would depend upon the usage in that business, about which there is no evidence, it was his duty to consign it separately, and require a separate account of its sale, as it might be of a different quality from the rest of the cargo, or might be sold on a different state of the market, and bring a different price. He had no right to intermingle it with the rest of the cargo, to be sold in his own name, rendering no separate account of its sale. To charge the plaintiff with a portion of the loss, it is incumbent on him to show that the proceeds of sale of the plaintiff's hay were not paid by the remittances. In the absence of any express appropriation of payment by the parties, the law would appropriate the remittance in payment of proceeds of sales previously made; and if the plaintiff's hay had been sold before the remittance, and the sum remitted was sufficient in amount, the defendant must be regarded as having received the proceeds of sale of that hay, and liable for the full amount. By the account of sales rendered by the consignees, it does not appear when any portion of the cargo was sold. The defendant offers no other evidence in regard to it. Moreover, there was a portion of the hay unsold when the consignees suspended, which was afterwards sold for $100, and the whole amount was received by the defendant. It does not appear whose hay it was. If it was the plaintiff's, he is entitled to the proceeds.

We think the defendant fails to show any ground on which the plaintiff is chargeable with a portion of the loss; and that he is liable for the net proceeds of the sales of the plaintiff's hay, which appear to be $121.71. The plaintiff has received $75.75, leaving $45.96 due him.

*Defendant defaulted for $45.96, and*
*interest from the date of the writ.*

APPLETON, C. J., WALTON, BARROWS and DANFORTH, JJ., concurred.